```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BRUD ROSSMAN,

                              Plaintiff,

        -against-                                   ORDER
                                                    11-CV-4293(JS)(ETB)
WIESLAWA STELZEL, DIRECTOR, REAL
PROPERTY TAX SERVICE, SECRETARY,
U.S. DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, ERIC HOLDER, U.S. ATTORNEY
GENERAL, ROBERT GATES, SECRETARY OF
DEFENSE, DR. SAMUEL J. POTOLICCHIO,
DR. LINDA SAPIN, DR. PHILIP PULASKI,
JOHN DOE NUMBER 1, JOHN DOE NUMBER 2,
and JOHN DOE NUMBER 3,

                              Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:      Brud Rossman, Pro Se
                    1580 Country Club Drive
                    Cutchogue, NY 11935

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On September 7, 2011 pro se plaintiff Brud Rossman ("Plaintiff") filed his Complaint against the defendants, Wieslawa Stelzel, Director, Real Property Tax Service, Secretary U.S. Department of Housing and Urban Development, Eric Holder, U.S. Attorney General, Robert Gates, Secretary of Defense, Dr. Samuel J. Potolicchio, Dr. Linda Sapin, Dr. Philip Pulaski, and John Does 1-3, (collectively, the "Defendants"). Notwithstanding Plaintiff's payment of the filing fee, his Complaint is sua sponte dismissed for the reasons that follow.

I.   <u>The Complaint</u>

Plaintiff, who alleges that he is an attorney having graduated from Harvard Law School in 1989 and who is currently registered as a member of Bar of the State of New York, has submitted an incomprehensible seventeen (17) page Complaint accompanied by forty-two (42) pages of exhibits.  Many of the exhibits contain handwritten annotations that are largely illegible.  As the Court can best discern, it appears Plaintiff seeks to challenge an on-going state court landlord/tenant proceeding now pending against him in the Justice Court of the Town of Riverhead, <u>Stelzel, Wieslawa v. Rossman, Brud</u>, Docket No. 2011-L/T-213.  (Compl. at pages 3, 13).  The Complaint begins:

> Plaintiff seeks an injunction staying the state court proceedings now pending before the Justice Court, the Town of Riverhead . . . A contemporaneously filed motion is now pending in the state court proceeding.  Prior proceedings in Federal Court or other Federal proceedings, involve the same underlying issues, or interests, as the current State court proceedings, and establish the first prong of the Relitigation Exception of the Anti-Injunction Act, 28 USC 2283.  In short, the issues are essentially identical for these litigation purposes.  The second prong of the Re-litigation Exception to the Anti-Injunction Act, 28 USC 2283, is also met, on Plaintiff's 'requisite connection' with the underlying Federal interests defining both the prior Federal proceedings and the current state action; the prior Federal proceedings bind Plaintiff in the parallel state court proceeding.

(<u>Id.</u> at page 3) (footnotes omitted).  Plaintiff alleges that he:

2

> is the sole managing member of Sawtooth
> Capital LLC (SCLLC) formed in New York State
> on or about October 27, 2009. There are two
> or more SCLLC office locations, to include,
> WOL, and with FROR, the addresses captioned
> above. SCLLC has been operating, since
> formation, in New York, and in Washington,
> D.C., among other locations, through the
> litigation efforts, and other efforts, of its
> various Member and non-members. SCLLC,
> specifically, has been compromised by the
> underlying TT defining the pled violations of
> law, the equitable claims to relief, and with
> continuing harm to this day. Brud Rudolph
> Rossman, as individual, as managing member of
> SCLLC, and as natural U.S. citizen, has been
> compromised by the underlying torts and
> transactions ("TT") defining the pled
> violations of law, the equitable claims for
> relief, and with continuing harm to this day.
> Wieslawa Stelzel owns property in Suffolk
> County at issue in the State Court proceeding
> defined herein. Her interests apparently are
> or were capitalized in whole or part by
> Pershing and other holdings, previously
> invoked in Federal Court proceedings by
> Plaintiff. The other captioned defendants are
> defined in the Exhibits hereto, and as
> expressly incorporated by reference, and all
> WOL, and with FROR.

(Id. at pages 10-11). According to the Complaint, Defendant Wieslawa Stezel initiated a "summary eviction of plaintiff." (Id. at page 12). The Complaint then lists Plaintiff's "claims":

> Claim I: Public safety risks, risks to
> counterclaimant, and previously noticed bases
> for rental offset, without limitation, have
> already damaged plaintiff in the estimated
> amount of One Million Dollars[].
>
>> i. Brud Rossman, captioned
>> defendant, hereby gives notice of
>> counterclaims in line with prior
>> formal demands for payment of
>> Wieslawa Stelzel.

3

ii. Beginning three weeks before the instant proceeding was commenced, Brud Rossman, ("Counterclaimant" or "Counterclaim plaintiff" or "Counter-Plaintiff"), noticed Wieslawa Stelzel, aka "Vicki" Stelzel, of Sound Shore Road, Riverhead, NY 11901. An intent to sue Stelzel was clearly implied.

iii. Plantiff had previously noticed the local authorities of Suffolk County, Riverhead, NY, of various serious threats to public health and safety unaddressed, if not proactively "maintained," at 465 South Shore Road, Riverhead, NY 11901, the reported owner, one Wieslawa Stelzel, ("Stelzel"), a captioned defendant, (the "Stelzel Property" or "Riverhead, NY Property" or "465 Sound Shore Rd").

iv. Beyond continuing fire hazards to the de facto multifamily housing complex maintained by Stelzel, the property's South Lot Line includes a series of unremediated "coming to the nuisance" threats to public safety – literally thousands (1000s) of square feet of truly dangerous agricultural buildings, rusted, large fan blades, upright sharp edges, and threats to any individual who happened upon such structures, (the "Public Safety Risks" or "Safety Risks" or "Risks").

v. The Public Safety Risks are concealed by foliage both North and East, but extend hundreds of feet North/South, and East/West, approximately 2000 feet of danger to any Traveler. Stock brokerage, related interest financing of the real property in question . . . is a matter of public record, or otherwise evidenced, ("Real

> Property," or "Stelzel's Property" or "465 Sound Shore Road" or "Country Property" or "Federal Property").
>
> vi. Plaintiff noticed these continuing threats to the public safety to defendant Stelzel in many letters, certified U.S. mail, or otherwise confirmed recieved, over the period August 3, 2011 to date.
>
> vii. Instead of remedial measures, Stelzel attempted a summary eviction of Plaintiff on August 5, 2011, summoning local police to the premises. The police left, taking no action against Plaintiff; one Officer Murphy inquired, on is departure, "Do you have a cell phone?" Apparently, the Officer was concerned that Plaintiff might need to summon Emergency/Police assistance on the course of dealing (and prior threats) of defendant Stelzel.
>
> viii. Exhibits #1 to #___, annexed hereto, and expressly incorporated by reference, further support an award of damages in the estimated amount of one million dollars ($1,000,000.00) to Counterclaimant.

(<u>Id.</u> at pages 11-13) (footnotes omitted). Plaintiff further claims:

> Claim II: Related interests, bank interests, tax interests, and interest of the Respondent, involve large sums of money now litigated in a parallel preceding, are prejudiced by Stelzel's threats to public safety, and support a large damages claim by counterclaimant, in the estimated amount of ten million dollars ($10,000,000.00) to Counterclaimant.

5

> i. The prior allegations, paragraphs, and all allegations contained herein, supra and infra, are incorporated by reference. Various property interests, related interests, and to include bank interests, without limitation, and with full reservation of rights, are now compromised by the actions taken by petition Stelzel. Related tax and derivative financial interests, of the counterclaimant are likewise compromised, otherwise prejudiced, and all WOL, and with FROR.
>
> ii. The interests as defined in the related Federal proceedings, and this proceeding, have an estimated value, in sum, totaling $1 billion or more. . . .

(<u>Id.</u> at pages 13-14) (footnotes omitted). Plaintiff's third and final claim alleges:

> Claim III: Related interests, bank interests, tax interests, and interests of the Respondent, as currently prejudiced by Stelzel, involve large sums of money now litigated in one or more parallel, Federal proceedings, and such proceedings support staying the current proceedings before this Court while the Federal Courts decide the complex issues underlying the instant proceeding.
>
> i. Respondent further NOTICES, and moves this Court, hold all state court proceedings in abeyance, and to suspend all current state proceedings, on the filing of this Verified Complaint . . . .
>
> ii. There are two (2) other Federal Court proceedings which involve the interest at issue in the instant action: (I) a District Court proceeding in the U.S. District

> Court for the District of Columbia (ii) a pending appeal in the U.S. Court of Appeals for the District of Columbia.
>
> iii. The pending Federal Court proceedings command first priority in its dispositions under various exceptions of the Federal Anti-Injunction Act, 28 U.S.C. 2283 et seq., to include, without limitation (WOL), the following: . . . Injunctive relief to include an Order that stays all proceedings in this Court, and pending the disposition of the related proceeding in the Federal Court (Eastern District of new York and District of Columbia).

(Id. at page 14-16) (footnotes omitted).

Based on the foregoing, Plaintiff seeks injunctive relief staying "all proceedings" and eleven ($11) million dollars in unspecified damages including attorney's fees. (Id. at p. 16).

## II. Standard of Review

The Court is normally required to read a pro se Plaintiff's Complaint liberally and construe it to raise the strongest arguments it suggests. See, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Here, given that the Plaintiff is an attorney having attended Harvard Law School and who is currently registered as a member of Bar of the State of New York since 1990, his pleading is not entitled to the degree of liberality ordinarily given to pro se plaintiffs. See Dorfman v. Bruno, No. 09-CV-4355, 2011 WL 197885, at *2 (E.D.N.Y. Jan. 18,

7

2011) (citing Maloney v. Cuomo, 470 F. Supp. 2d 205, 209 (E.D.N.Y. 2007), aff'd, 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 561 U.S.___, 130 S. Ct. 3541, 177 L. Ed. 2d 1119 (2010)).

Irrespective of whether they are drafted pro se, all complaints must contain at least "some minimum level of factual support for their claims . . . ." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fed. R. Civ. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 Fed. App'x. 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant

with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "When a complaint fails to comply with these requirements [contained in rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Here, as is readily apparent, Plaintiff has filed a frivolous Complaint[1] and, accordingly, it is sua sponte dismissed. However, because a district court should not dismiss a pro se complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), Plaintiff is granted leave to amend his Complaint in accordance with Rule 8's requirements. Plaintiff is cautioned, however, that courts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the Rooker-Feldman doctrine. Pharr v. Evergreen Garden, Inc., 123 Fed. App'x. 420, 423 n.2 (2d

---

[1] Plaintiff is cautioned that Federal Rule of Civil Procedure 11 applies to pro se litigants, Ginther v. Provident Life and Cas. Ins. Co., 350 Fed. App'x. 494, 496 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a pro se litigant), and that should he file another frivolous Complaint, it is within the Court's realm to consider sanctions. See Fed. R. Civ. P. 11.

9

Cir. 2005)(citing <u>Rene v. Citibank NA</u>, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999)); <u>Rosen v. North Shore Towers Apartments, Inc.</u>, No. 11-CV-00752 (RRM)(LB), 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011). **Plaintiff shall file any Amended Complaint in accordance with this Order within thirty (30) days of the date that this Order is served with notice of entry upon him.**

Finally, the Court notes that correspondence mailed by the Court to the Plaintiff at the address he provided to the Court has been returned with the following postal notation: "Return to Sender Attempted - Not known - Unable to Forward." <u>See</u> Dkt. Entry 4, dated October 5, 2011. When a party changes addresses, it is his obligation to notify the Court of his new address. <u>See</u> <u>Concepcion v. Ross</u>, No. CV-92-0770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only to represented parties but also to <u>pro se</u> litigants. <u>See id.</u>, at *1; <u>see also</u> <u>Handlin v. Garvey</u>, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). When a <u>pro se</u> litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny the litigant's request for relief. <u>See, e.g.</u>, <u>Dong v. United States</u>, 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a <u>pro se</u> litigant's claim because the litigant failed

to inform the court of his current address, causing the court to lose contact with him). Plaintiff is reminded that he is obligated to keep his address current with the Court and the Clerk of the Court shall send Plaintiff a change of address form together with this Order.

CONCLUSION

For the reasons set forth above, the Complaint is <u>sua sponte</u> dismissed unless the Plaintiff files an Amended Complaint within thirty (30) days of the date that this Order is served with notice of entry upon him.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  13 , 2011
       Central Islip, New York