FILED
CLERK

9/13/2012 1:55 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BRUD ROSSMAN,

                    Plaintiff,

          -against-                          ORDER
                                             11-CV-4293(JS)(GRB)
WIESLAWA STELZEL, DIRECTOR, REAL
PROPERTY TAX SERVICE, SECRETARY, U.S.
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, ERIC HOLDER, U.S. ATTORNEY
GENERAL, ROBERT GATES, SECRETARY OF
DEFENSE, DR. SAMUEL J. POTOLICCHIO,
DR. LINDA SAPIN, DR. PHILIP PULASKI,
JOHN DOE NUMBER 1, JOHN DOE NUMBER 2,
and JOHN DOE NUMBER 3,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Brud Rossman, pro se
                   20 Jerome Circle
                   Riverhead, NY 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On October 13, 2011, the Court *sua sponte* dismissed *pro se* Plaintiff Brud Rossman's Complaint as frivolous in that it failed to contain factual support for Plaintiff's allegations.  (*See* Docket Entry 5 at 8.)  The Court gave Plaintiff thirty days to file an Amended Complaint, but he did not do so.  Instead, he filed three motions for reconsideration under Federal Rule of Civil Procedure 60.  (Docket Entries 7, 8, 10.)  The first and second are superseded by the third (*see* Docket Entry 10 at 1 (emphasizing that the document was a

"further" amended Rule 60 motion)), and the third does not set forth a basis for relief. Among other things, Plaintiff argues that the Court does not have the power to sua sponte dismiss a Complaint before the 120-day period for service of process has expired. (See generally Docket Entry 10.) The Court may dismiss frivolous actions sua sponte, Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000), and Plaintiff has not provided any authority or persuasive argument that the Court's power is constrained by the 120-day service period.

Accordingly, Plaintiff's motion for reconsideration at Docket Entry 10 is DENIED, and his motions at Docket Entries 7 and 8 are DENIED AS MOOT. The Clerk of the Court is respectfully directed to mail Plaintiff a copy of this Order and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  13 , 2012
       Central Islip, New York

2